**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:21-cv-138 |
| Plaintiff, | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| ELIZABETH ZIMMERMAN, | : | |
| Defendant | : | |
| and | : | |
| BRIGID'S PATH, INC., | : | |
| Garnishee. | : | |

# REPORT AND RECOMMENDATION[1]

This matter is before the Court on the United States of America's Application for a Writ of Continuing Garnishment ("the Application"). (Doc. #11). Defendant Elizabeth Zimmerman ("Defendant" or "judgment debtor") has not filed an objection. This Application has been referred to the undersigned for a Report and Recommendation as to the disposition of the Application. (Doc. #s 12, 13). For the reasons set forth below, it is **RECOMMENDED** that the Application be **GRANTED**.

The requirements for a writ of garnishment are set forth in 28 U.S.C. § 3205(b)(1). Specifically, an application must include: "(A) the judgment debtor's name, social security number (if known), and last known address; (B) the nature and amount of the debt owed and the facts that not less than 30 days has elapsed since demand on the debtor for payment of the debt was made

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

and the judgment debtor has not paid the amount due; and (C) that the garnishee is believed to have possession of property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest." *Id*. at (A)-(C).

Review of the Application confirms that it includes all of the necessary information. It sets forth the name and necessary information of the judgment debtor as well as the nature and amount of the debt. (Doc. #11, *PageID* #s 24-25). It further affirms that the last demand for payment was made on August 3, 2021—more than thirty days from the filing of the Application—and that the judgment debtor has failed to pay the amount owed. *Id*. at 25. Finally, the Application explains that Brigid's Path, Inc., the garnishee in this case, is believed to be in possession of property in which judgment debtor has a substantial nonexempt interest and will owe the money or property to the judgment debtor. *Id*.

Accordingly, the Application satisfies the statutory requirements. The undersigned, being otherwise sufficiently advised, **RECOMMENDS** that the Application (Doc. #11) be **GRANTED**.

November 19, 2021                                         *s/Peter B. Silvain, Jr.*
                                                                     Peter B. Silvain, Jr.
                                                                     United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).